IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**EDDIE SCOTT,**

    Petitioner,

vs.                                           Case No. 4:07cv68-MP/WCS

**FLORIDA PAROLE COMMISSION,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

    Petitioner filed a petition for writ of habeas corpus with supporting exhibits, and a motion to proceed in forma pauperis. Docs. 1 and 2. More recently, he filed a notice of inquiry. Doc. 4.

    Although the habeas corpus petition (which is not on court forms) does not so specify, it is filed pursuant to 28 U.S.C. § 2254, as Petitioner is in custody pursuant to a state court judgment. Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004) (§ 2254 creates restrictions on the authority to grant habeas corpus relief to petitioner in custody of a state court judgment, even if challenge is made to disciplinary proceedings rather than the judgment); Thomas v. Crosby, 371

F.3d 782 (11th Cir. 2004), *cert. denied,* 543 U.S. 1063 (2005) (applying Medberry to state petitioner challenging a decision of the parole board).

Petitioner was convicted in the Ninth Judicial Circuit in Orange County. He challenges the revocation of his conditional release by the Florida Parole Commission. The revocation was based on non-compliance with curfew in Orange County; Petitioner went to Winter Garden and was not at his Orlando residence past curfew. He is currently incarcerated at the Tomoka Correctional Institution Work Camp.

Jurisdiction is appropriate in the Middle District, as the district of confinement and conviction. 28 U.S.C. § 2241(d). It is also a more convenient forum for the petition, as the revocation behavior was within Orange County.

It is therefore respectfully **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on March 28, 2007.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO PARTIES**

Within 15 days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.